Filed 9/25/24  P. v. Chism CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> WILLIAM CHISM, <br><br>     Defendant and Appellant. | A167714 <br><br> (Contra Costa County Super. Ct. No. 059100058) |

Defendant William Chism appeals from a postjudgment order denying his petition under Penal Code[1] section 1203.4. Appointed counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Defendant had the opportunity to file a supplemental brief, but he instead filed a petition for a writ of habeas corpus.  After our own independent review of the record, we affirm the trial court's order.

**BACKGROUND**

On June 14, 2022, defendant filed a petition for dismissal pursuant to section 1203.4 alleging that, in December of 1990, he was convicted of felonious oral copulation within the meaning of

---

[1] All further statutory references are to the Penal Code.

1

former section 288a[2], subdivision (c) (as amended by Stats. 1988, ch. 1243, § 7 (former section 288a(c)). He alleged that an element of former section 288a(c) is proof of an age disparity of 10 or more years, but at the time of his offense, he was 22 years old and the victim was 13 years old. Defendant further alleged that he may have been convicted under former section 288a, subdivision (b) because he was placed on probation for the offense and jailed for six months. He stated that he fulfilled the conditions of his probation, and he sought relief from his conviction in the interests of justice.

The petition was referred to the Contra Costa Probation Department (probation), and probation filed a recommendation and an amended recommendation. Probation recommended that the petition be denied for three reasons: (1) there was a prison commitment on the current docket; (2) defendant was not entitled to relief under section 1203.4, subsection (b); and (3) defendant suffered subsequent convictions (three misdemeanors and one felony).

Defendant filed objections to probation's recommendation. He stated that he was currently serving a state prison sentence but contended that his current commitment was unrelated to the former section 288a(c) convictions at issue in his petition, any subsequent convictions were after he successfully completed probation, and he did not suffer the conviction from October 2011 as shown on probation's recommendation.

---

[2] Section 288a was later amended and renumbered to section 287. (Stats. 2018, ch. 423, § 49, eff. Jan. 1, 2019.)

2

On January 27, 2023, the trial court summarily denied the petition. Defendant was not present in court, and the court served notice of the order in March 2023. Defendant filed a notice of appeal and request for certificate of probable cause on April 12, 2023.

Defense counsel on appeal filed a *Delgadillo* brief, and this court gave defendant the opportunity to file a supplemental brief. Defendant filed a document entitled, "Joint Petition for Writ of Habeas Corpus Submitted In Conjunction With Brief On Behalf of Appellant Under People v. Delgadillo (2022) 14 Cal.5th 216" (capitalization omitted). Therein, defendant sought a writ of habeas corpus. He acknowledged that he had been given the opportunity to file a supplemental brief under *Delgadillo* in this separate appeal. However, he explained, "[W]hereas [defendant's] claim is that 'he is actually innocent of the crime of having violated Penal Code section 288, subdivision (c),' and that the underlying Sixth Amendment violation occasioned by his defense counsel's deficient performance 'ill-advised [defendant] to plead "no-contest", even though he was probably innocent of that crime,' it is most properly made in a petition for a writ of habeas corpus." This court denied defendant's petition for a writ of habeas corpus on December 18, 2023.

**DISCUSSION**

When appealing from a postconviction order, a defendant does not have a constitutional right to independent review under *People v. Wende* (1979) 25 Cal.3d 436, if appellate counsel cannot identify any arguable issues. (*Delgadillo, supra,* 14 Cal.5th at

3

pp. 227, 231.)  However, "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id*. at p. 232.)  "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned." (*Ibid*.)  We are not required to conduct "an independent review of the entire record to identify unraised issues," but we may do so at our discretion.  (*Ibid*.)

Here, defendant had the opportunity to file a supplemental brief in this appeal, but he did not file a supplemental brief with substantive arguments challenging the trial court's order denying his petition under section 1203.4.  Instead, he filed a petition for a writ of habeas corpus wherein he argued that he was actually innocent of the former section 288a(c) offenses and his counsel had rendered ineffective assistance of counsel.  This court accepted defendant's filing as a separate habeas petition and denied the petition.

We will nonetheless exercise our discretion to conduct an independent review of the record in this appeal, and we affirm the court's postjudgment order.  The court properly denied defendant's section 1203.4 petition in light of both the nature of his underlying convictions under former section 288a(c) and the fact that the record shows that defendant was serving a prison sentence at the time of his petition.  (§ 1203.4, subds. (a)(1), (b).)

## DISPOSITION

The court's postjudgment order is affirmed.

4

BROWN, P. J.

WE CONCUR:

STREETER, J.
GOLDMAN, J.

*People v. Chism* (A167714)